CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 0 1 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LINDA UTLEY MCCRAE,<br><br>*Defendant.* | CRIMINAL NO. 3:09-cr-00008<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the Government's Motion to Continue Matter until Completion of Pre-Trial Diversion, filed September 29, 2009 (docket no. 55). For the following reasons, the Government's Motion will be and hereby is DENIED without prejudice.

## I. BACKGROUND

On February 26, 2009, the Grand Jury for the Western District of Virginia returned an Indictment charging the Defendant with conspiracy, health care fraud and mail fraud (docket no. 1). On March 10, 2009, the Defendant appeared before the United States Magistrate Judge along with Co-Defendant Pamela Kay Divine and entered a plea of not guilty (docket no. 9). Both Defendants filed a Motion for Continuance and Waiver of Speedy Trial on March 26, 2009 (docket no. 16), which I denied in an Order on March 27 (docket no. 18) for failure to comply with Standing Order No. 06-03 (in re: Speedy Trial Act). On April 9, 2009, the Defendants again filed a Motion for Continuance and Waiver of Speedy Trial (docket no. 21), which I granted in an Order that same day (docket no. 22). As a result, the period between the previously scheduled trial date of April 27, 2009, and the

new trial date of September 28, 2009, was excluded from the calculation of time under the Speedy Trial Act. On September 23, 2009, the Court scheduled a plea hearing on September 28 as to Co-Defendant Divine instead of a jury trial. On September 28, Co-Defendant Divine pled guilty to Count One of the Indictment (Conspiracy) (docket no. 51) and I accepted her guilty plea. The Government indicated at the close of the hearing that as to Defendant McCrae, it found her suitable for Pretrial Diversion and would move for a continuance. On September 29, 2009, the Government filed the instant Motion.

According to the Government's Motion presently under consideration, during the intervening months it appeared appropriate for the Government to allow the Defendant to enter into a Pretrial Diversion Agreement, as the Defendant "has no criminal record and did not benefit financially from the conspiracy beyond her regular salary." Furthermore, according to the Motion, the Government and the Defendant and her counsel "are in agreement with this method of resolution and the United States Probation Office is preparing a report regarding Pre-Trial Diversion." The Government moves the Court "to continue this matter until the Defendant completes Pre-Trial Diversion, at which time the United States will request all charges against the Defendant be dismissed." To date, no written Pretrial Diversion Agreement between the parties has been filed or otherwise made known to the Court.

## II. APPLICABLE LAW

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, generally requires a criminal trial to begin within seventy days of the filing of an information or indictment, or of a defendant's initial appearance in court, whichever is later. 18 U.S.C. § 3161(c)(1). However, the Act also includes a detailed list of periods of delay that are excluded when computing the time

by which a defendant's trial must start. 18 U.S.C. § 3161(h). The most applicable provision of the Act excludes "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to *written agreement* with the defendant, *with the approval of the court*, for the purpose of allowing the defendant to demonstrate his good conduct." 18 U.S.C. § 3161(h)(2) (emphasis added). Another potentially applicable provision of the Act, 18 U.S.C. § 3161(h)(7) governs ends-of-justice continuances whereby the Court may "grant a continuance and [ ] exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498-99, 126 S.Ct. 1976, 1984 (2006).

### III. DISCUSSION

The Government's Motion to Continue Matter until Completion of Pre-Trial Diversion fails to meet several of the requirements set forth in Standing Order No. 06-03 (in re: Speedy Trial Act).

The Government's Motion, as presently drafted, does not "state[ ] a valid basis for continuance under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)," nor does it "specifically cite[ ] the section of the Act authorizing exclusion of the period of delay that would result from the continuance." Standing Order No. 06-03. Pursuant to 18 U.S.C. § 3161(h)(2), the period of delay shall be excluded "during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." This provision, which specifically covers instances where the Government has found a defendant suitable for Pretrial Diversion, requires by its plain language a

3

*written* agreement between the parties to defer prosecution, and the approval of the Court. To date, no written agreement between the Government and the Defendant has been filed or made known to the Court, and as such, the provisions of 18 U.S.C. § 3161(h)(2) are inapplicable.

Furthermore, in light of the specific statutory language in the Speedy Trial Act that covers cases of Pretrial Diversion, I do not find that the Government has made a showing that the ends of justice served by ordering a continuance in this action would outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). While the Government and the Defendant may be agreed in principle that this case be resolved by Pretrial Diversion, and both parties may even consent to the requested continuance of uncertain duration, that does not, by itself, satisfy the requirements of the Speedy Trial Act. In *Zedner v. United States*, the Supreme Court clearly stated:

> The purposes of the Act also cut against exclusion on the grounds of mere consent or waiver. If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. But the Act was designed with the public interest firmly in mind.

547 U.S. at 500-01, 126 S.Ct. at 1985. As a general rule then, "a defendant cannot waive his right to a speedy trial under the Act" because "a defendant cannot waive the public's interest in a speedy trial." *United States v. Keith*, 42 F.3d 234, 238 (4th Cir. 1994). Neither are the regular justifications for an ends-of-justice continuance applicable under these circumstances. If the parties are agreed in principle that this case should be resolved by a Pretrial Diversion Agreement, it cannot be argued that the failure to grant a continuance would unreasonably deny either party the time

4

necessary for effective preparation, or that the complexity of the case requires a continuance. *See* 18 U.S.C. § 3161(h)(7)(B). In its Motion, the Government has made no showing as to why the parties could not have concluded a Pretrial Diversion Agreement contemporaneously with the filing of Co-Defendant Divine's plea agreement on September 28, 2009. Furthermore, the Government has not made known to the Court the terms, and duration, of any such Agreement between the parties.

Unless and until the requirements set forth in 18 U.S.C. § 3161(h)(2) are met and a written Pretrial Diversion Agreement is filed or, for good cause, otherwise made known to the Court, or the Government provides independent justification for the issuance of a continuance, the Court will not grant the proposed continuance of uncertain duration. Accordingly, the Government's Motion is hereby DENIED without prejudice. The date of trial will be rescheduled for October 15, 2009 at 9:30 a.m.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a copy of this Order to all counsel of record, and to Lew Harmon, United States Probation Officer.

Entered this 1st day of October, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5